**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALLARDO GOMEZ-GOMEZ, | No. 14-70535 |
| Petitioner, | Agency No. A075-103-309 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 1, 2017
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and FOOTE,[**] District
Judge.

Ballardo Gomez-Gomez petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen his 1998 deportation proceedings.

We review the denial of a motion to reopen for abuse of discretion and purely legal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Elizabeth E. Foote, United States District Judge for the
Western District of Louisiana, sitting by designation.

questions *de novo*. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). Because the BIA failed to "consider and address in its entirety the evidence submitted by [the] petitioner" and "issue a decision that fully explains the reasons for denying [the] motion to reopen," we remand to the BIA. *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir. 2005)).

Gomez-Gomez became a lawful permanent resident in 1991. Following a criminal conviction, he was deported to Nicaragua in 2002 pursuant to a 1998 BIA decision denying his application for withholding of removal. Subsequently, he illegally reentered the United States and again was deported to Nicaragua, where he remains to this day. After his second deportation, Gomez-Gomez's criminal conviction was vacated due to ineffective assistance of counsel. Within ninety days of that decision, Gomez-Gomez sought to reopen his deportation proceedings, arguing that the sole basis for his deportation was a criminal conviction that had since been vacated. Because the ninety day deadline for filing a motion to reopen runs from the final administrative order of removal, Gomez-Gomez submitted that equitable tolling of the deadline was warranted based on the prior ineffective assistance of counsel and the recent disposition of his criminal case. In the alternative, Gomez-Gomez urged the BIA to reopen the proceedings *sua sponte* based upon exceptional circumstances.

The BIA denied Gomez-Gomez's motion to reopen, concluding that his motion was untimely. In addition, it declined to exercise its *sua sponte* discretion to reopen his case, stating that exceptional circumstances were not present. The BIA further noted that "the respondent admits that after his deportation he reentered the United States unlawfully, and that the deportation order was reinstated in November 2012. Under . . . 8 U.S.C. § 1231(a)(5), proceedings are not subject to being reopened if an alien reentered unlawfully after deportation."

In issuing its decision, it is unclear if the BIA considered whether an alien such as Gomez-Gomez—who is outside of the United States when he files a motion to reopen, whose criminal conviction has been vacated on constitutional grounds, and whose reinstatement procedure has been fully executed—may seek to reopen his deportation proceedings, or instead, whether despite these unique circumstances, a motion to reopen is barred by 8 U.S.C. § 1231(a)(5). It is further unclear whether, in finding Gomez-Gomez's motion to reopen untimely, the BIA considered his equitable tolling arguments. The BIA's discussion of the motion's untimeliness focused exclusively on its discretionary authority to reopen *sua sponte*. Therefore, we remand to the BIA for clarification of these issues. *See Franco-Rosendo*, 454 F.3d at 966.

Accordingly, the petition is **GRANTED and REMANDED**.